UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
NOV 19 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

JULIAN DIAZ,

Plaintiff,

v.

26-CV-866 (JLS)

MONROE COUNTY, and
OFFICER SHIEB,

Defendants.[1]

## DECISION AND ORDER

*Pro se* Plaintiff Julian Diaz is a prisoner confined at Elmira Correctional Facility and has filed this action seeking relief under 42 U.S.C. § 1983. Dkt. 1. Diaz alleges that Defendants violated his constitutional rights by failing to protect him from assault by another inmate while he was confined at Monroe County Jail. *Id.*

[1] The Court construes the complaint as also being brought against Officer Shieb, who is identified in the body of the complaint, but not named as a defendant. *See Espinal v. City of New York*, No. 25-CV-5249 (GHW), 2026 WL 322977, at *2 (S.D.N.Y. Feb. 6, 2026) (explaining that, pursuant to Fed. R. Civ. P. 21, courts may add individual defendants in actions when they are mentioned "throughout the body of the complaint as involved in the underlying alleged events" (citation modified)). The Clerk of Court shall, therefore, amend the caption to add Officer Shieb as a defendant.

The Court previously granted Diaz's motion for leave to proceed *in forma pauperis* ("IFP"). Dkts. 2, 3. The Court, therefore, screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b).

For the reasons below, the complaint is dismissed with leave to amend.

## DISCUSSION

## I. LEGAL STANDARDS

### A. Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

### B. Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for

relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s

complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### D. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II. ALLEGATIONS

A liberal reading of the complaint tells the following story. Diaz was a pretrial detainee incarcerated at the Monroe County Jail on January 28, 2026. Dkt. 1 at 4-5. That afternoon, another inmate, Terriq Stanley, asked Officer Shieb to open Diaz's cell and Stanley assaulted Diaz. *Id.* at 5. Diaz fled the cell and alerted the officers. *Id.* He was transported to Strong Memorial Hospital for a concussion, face fractures, broken teeth, a broken nose, vision loss, and other injuries. *Id.* Diaz seeks monetary damages for physical injuries and mental anguish resulting from this incident. *Id.*

## III. ANALYSIS

### A. Municipal Liability

A municipality cannot be held liable under Section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

An official policy or custom can be established by showing:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 453 (E.D.N.Y. 2021) (citing cases).

Diaz does not contend that the alleged constitutional deprivation was caused by or occurred pursuant to an official custom or policy of Monroe County, and thus, Diaz has failed to state a Section 1983 claim against this Defendant. Because Diaz is *pro se*, he is granted leave to amend this claim to allege, if facts exist, that the constitutional violation alleged was caused by a policy or custom of Monroe County.[2]

---

[2] To the extent Diaz sues Officer Shieb in his official capacity, Diaz's claim is equivalent to a claim against Monroe County. *Kentucky v. Graham*, 473 U.S. 159,

### B. Fourteenth Amendment Failure to Protect

Failure-to-protect claims brought by a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To allege plausibly a failure-to-protect claim under the Fourteenth Amendment, a plaintiff "must plead two elements: (1) an 'objective' element, which requires a showing that the risk of harm is sufficiently serious, and (2) a 'mental' element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk." *Bilson v. City of New York*, No. 25-CV-2479 (MMG), 2025 WL 1184410, at *2 (S.D.N.Y. Apr. 23, 2025) (quoting *Darnell*, 849 F.3d at 29).

A substantial risk of serious harm may arise from "from either 'a specific assailant' or 'a more general risk of harm due to the conditions at the time of the attack[.]'" *Dietrich v. County of Orange*, No. 19-CV-10485 (CS), 2020 WL 5209816, at *3 (S.D.N.Y. Sept. 1, 2020) (citation omitted).

In situations where "corrections officers have *deliberately* left cell doors open in order to leave a prisoner vulnerable to vicious attack, the courts rightly have expressed outrage." *Graham v. Coughlin*, No. 86-CV-163, 2000 WL 1473723, at *5 (S.D.N.Y. Sept. 29, 2000) (emphasis added) (citing *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997) (vacating dismissal of Eighth Amendment claim where the record

---

166 (1985); *Baines v. Masiello*, 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003) ("a suit against a municipal officer in his or her official capacity is functionally equivalent to a suit against the entity of which the officer is an agent"). Thus, any potential official capacity claims against Officer Shieb are redundant of claims against Monroe County and are dismissed for the reasons stated above.

supported the inference that corrections officers opened cell doors for the purpose of allowing other inmates to attack the plaintiff)).

But the complaint fails to offer any facts that suggest that Officer Shieb knew or should have known that granting Stanley access to the cell would place Diaz's safety at risk. Dkt. 1 at 5. "To state a cognizable [S]ection 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). These sparse allegations show nothing more than possible negligence on the part of Officer Shieb, which is insufficient to support the existence of deliberate indifference. *Inoa v. Delaney*, No. 22-CV-6509-FPG, 2023 WL 8654461, at *3 (W.D.N.Y. Dec. 14, 2023) ("As pled, the facts do not permit an inference that . . . any . . . Defendant opened the cell door knowing that [other inmates] intended to assault Plaintiff."); *Cook v. Connecticut*, No. 3:24-CV-01914 (VDO), 2025 WL 606958, at *3 (D. Conn. Feb. 25, 2025) ("Officer Izzo's negligent act of leaving the cell door open and failing to pay attention to the safety of inmates cannot form the basis of a failure to protect claim under the Fourteenth Amendment."); *Flores v. Lantz*, No. 3:05-CV-1288 (RNC), 2008 WL 4453421, at *6 (D. Conn. Sept. 30, 2008) ("Though it is clear that Officer Harris erred in opening the cell door for [another inmate], plaintiff has failed to show that this error amounted to deliberate indifference, as opposed to mere negligence.").

It is well established that prison officials cannot be deliberately indifferent to surprise attacks. *See Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354,

363 (S.D.N.Y. 2013); *Charles v. Rockland Cnty. Off. of the Sheriff,* No. 16-CV-166 (VB), 2019 WL 1299804, at *3 (S.D.N.Y. Mar. 21, 2019). "Although Fourteenth Amendment claims only require that defendants have an objective awareness (*i.e.*, that defendant *should have known*), that standard is not satisfied when the surprise attack was a surprise to everyone involved, including plaintiff." *Charles*, 2019 WL 1299804, at *3.

Diaz does not allege a history of threats or harm involving his attacker, nor does he allege that Officer Shieb knew, or should have known, of a threat or impending attack against Diaz. *See Berrios v. Hatwood*, No. 3:23-CV-20 (OAW), 2025 WL 969362, at *6 (D. Conn. Mar. 31, 2025) ("The record fails to raise any inference of fact that Officer Hatwood had any awareness of inmate Miller's animosity or previous threatening conduct toward Plaintiff, or that he acted with any conscious disregard to Plaintiff's substantial risk of harm when he opened the door to Plaintiff's cell."), *appeal dismissed* No. 25-1322 (2d. Cir. Sept. 10, 2025).

Thus, Diaz has failed to state a Section 1983 claim against Officer Shieb. Accordingly, Diaz's failure-to-protect claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because Diaz is *pro se*, he is granted leave to amend this claim to allege, if facts exist, that Officer Shieb acted with deliberate indifference to his safety.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon

which relief can be granted. Diaz may file an amended complaint by **January 4, 2027,** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Diaz is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Diaz is further advised that he has been granted leave to amend only those claims addressed above—*i.e.*, his failure-to-protect claim. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

**ORDER**

IT HEREBY IS ORDERED that the Clerk of Court is directed to add Officer Shieb as a defendant; and it is further

ORDERED that Diaz's claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, but with leave to amend; and it is further

ORDERED that Diaz may file an amended complaint as directed above by no later than **January 4, 2026**; and it is further

ORDERED that the Clerk of Court shall send to Diaz with this order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Diaz does not file an amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, will remain dismissed and the Clerk of Court shall close this case without further order; and it is further

ORDERED that in the event the complaint is dismissed because Diaz has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Diaz must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: November 19, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE